**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                    *Counsel for Plaintiff*
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISSY FRIDAY**<br>**523 26th Street**<br>**Tyron, PA 16686**<br><br>**Plaintiff,**<br><br>v.<br><br>**BLAIR COUNTY PRISON**<br>**419 Market Square Aly**<br>**Hollidaysburg, PA 16648**<br><br>AND<br><br>**PRIMECARE MEDICAL**<br>**3940 Locust Lane**<br>**Harrisburg, PA 17109**<br><br>**Defendants.** | **Civil Action No.**  3:23-cv-230<br><br><br>**Complaint and Jury Demand** |

## CIVIL ACTION

Plaintiff, Chrissy Friday (hereinafter "Plaintiff"), by and through Plaintiff's attorney,

Koller Law, LLC, bring this civil matter against Blair County Prison and PrimeCare Medical

(hereinafter "Defendant"), for violations pursuant to the Age Discrimination in Employment Act

("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), and the Pennsylvania Whistleblower Law ("PWL"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above-captioned address.

3. Upon information and belief, Defendant PrimeCare Medical is headquartered at 3940 Locust Lane, Harrisburg, PA 17109, and provides healthcare services to Defendant Blair County Prison located at 419 Market Square Aly, Hollidaysburg, PA 16648.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington,

326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted Plaintiff's administrative remedies under ADEA and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation against Defendant.

14. The Charge was assigned Charge Number 530-2023-03384 and 530-2023-03388 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 13, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of Plaintiff's intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of the receipt of Plaintiff's Right to Sue in this matter.

18. Plaintiff has exhausted Plaintiff's administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or around November 11, 2022, PrimeCare Medical hired Plaintiff as an LPN (Nurse) to work at the Blair County Prison location.

21. Plaintiff is forty-three (43) years old.

22. Throughout her employment with Defendant, Plaintiff was well qualified and performed well.

23. Plaintiff was the oldest person in her department of nine (9) employees.

24. Upon being hired, Plaintiff trained under Tiffany Jones, LPN (23 years old) (hereinafter "Jones"). At the time, Plaintiff was working at casual status, meaning she picked up shifts as needed or desired.

25. From the start, Jones nitpicked and micromanaged Plaintiff's work. For example, Jones told Plaintiff she was not passing out medications fast enough and that she would not make it at Defendant without Jones' help. Jones even told Plaintiff she could not pre-pour medications, but everyone else in the department could.

26. By way of further example, Jones dictated when Plaintiff could leave to do medications and when Plaintiff could leave the medical department. Importantly, Alexa LNU (20s), CNA, who started at the same time as Plaintiff was not micromanaged in this way.

27. Jones also made several discriminatory comments about Plaintiff's age. For example, Jones constantly stated that Plaintiff "wasn't fast enough" and that Defendant was a "sink or swim environment" and that Plaintiff "wasn't cut out for it." Jones did not make these comments to the younger employees in the department.

28. Furthermore, Plaintiff was forced to listen to her younger coworkers discuss sex, binge drinking and relationship complications, topics that are blatantly inappropriate for the workplace. In fact, on one occasion, Plaintiff witnessed Brett Lucas (30s) reach under the shirt of Rose Decker (30s) and grab her breasts, after Rose invited him to do so in the workplace.

29. Plaintiff's younger counterparts also engaged in illegal activities in the workplace. Upon information and belief, Jones was not licensed to prescribe medication, yet she freely gave Z-pak medicine to a Correctional Officer in front of Plaintiff. Moreover, several nurses including Courtney LNU pocketed prescription medications from Defendant to take home with them. Younger employees in the department also brought contraband into the jail without permission.

30. Plaintiff outwardly expressed disapproval for these illegal activities. In early January 2023, Plaintiff complained to three (3) management-level individuals at Defendant about age discrimination and the illegal activities occurring. First, Plaintiff complained to Ashley Simmers (30s), Administrator, by text message. Ashley pushed the responsibility of dealing with the discrimination off to Jenn Bennett (late 30s) (hereinafter "Bennett"), Assistant

Director of Nursing. Plaintiff also complained to Bennett in person. Bennett stated she would speak to the department, but did not address the complaints any further. Finally, Plaintiff reached out to Brooke Miller (30s), Regional Manager, via email. Miller failed to address the complaint, as she had intentions of leaving her position.

31. Therefore, Defendant failed to address Plaintiff's registered complaints, which discouraged Plaintiff after she followed and complied with company reporting procedures. Plaintiff was scheduled to begin full time at Defendant on January 2, 2023.

32. However, just before, Plaintiff asked Bennett to push her full time start date back to January 10, 2023. Plaintiff informed Bennett that she was dealing with heightened stress as a result of Defendant's actions.

33. Plaintiff also informed Bennett that she would be seeing Dr. Mextorf, DO, Penn State Health Lime Springs, regarding medication needs. Bennett agreed to move the start date back.

34. On January 10, 2023, Plaintiff began full time at Defendant. However, immediately, Defendant's treatment of Plaintiff significantly worsened. Jones harassed Plaintiff by throwing out her note papers, walking past her passive aggressively and undermining Plaintiff's work at any opportunity. Jones' retaliatory treatment got so severe that Plaintiff was forced to leave work early on January 13, 2023.

35. On January 16, 2023, Plaintiff was constructively discharged from Defendant. After being screamed and cursed at by a Correctional Officer, Plaintiff submitted her resignation to Bennett via text message.

36. Defendant harassed and discriminated against her due to her age, in violation of the ADEA and PHRA. Defendant retaliated against her for engaging in protected activity of complaining of the aforementioned discrimination in violation of the ADEA and PHRA.

Defendant retaliated against Plaintiff for registering a good faith report of wrongdoing in violation of PWL.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE
## AGE DISCRIMINATION IN EMPLOYMENT ACT

37. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

38. Plaintiff was 43 years old at the time the discrimination initiated.

39. Plaintiff was qualified to perform the job.

40. Defendant treated younger employees more favorably than Plaintiff.

41. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

42. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

43. Defendant constructively discharged Plaintiff.

44. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE
## PENNSYLVANIA HUMAN RELATIONS ACT

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff was about 43 years old at the time the discrimination initiated.

47. Plaintiff was qualified to perform the job.

48. Defendant treated younger employees more favorably than Plaintiff.

49. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

50. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

51. Defendant constructively discharged Plaintiff.

52. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

     **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III
### <u>RETALIATION IN VIOLATION OF</u>
### <u>AGE DISCRIMINATION IN EMPLOYMENT ACT</u>

53. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

54. Plaintiff engaged in ADEA-protected activity when Plaintiff complained to Defendant regarding Defendant's discriminatory treatment based on her age.

55. Thereafter, Defendant took adverse employment actions against Plaintiff.

56. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

57. Defendant's conduct was willful or with reckless disregard of Plaintiff's statutorily protected rights under the law.

     **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV
## RETALIATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff engaged in PHRA-protected activity when Plaintiff complained to Defendant regarding Defendant's discriminatory treatment based on her age.

60. Thereafter, Defendant took adverse employment actions against Plaintiff.

61. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

62. Defendant's conduct was willful or with reckless disregard of Plaintiff's statutorily protected rights under Federal law.

   **WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V
## RETALIATION IN VIOLATION OF PUBLIC POLICY OF
## PENNSYLVANIA WHISTLEBLOWER LAW

63. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth fully at length herein.

64. The American Nurses Association (ANA) is a national professional code of ethics designed to protect the interest of the public.

65. According to the ANA's Code of Ethics Section 5.5 Preservation of Integrity, "When nurses are placed in circumstances that exceed moral limits or that violate moral standards in any nursing practice setting, they must express to the appropriate authority their conscientious objection to participating in these situations."

66. Defendant's nurses stealing medicine for personal use and bringing in illegal contraband to work was an instance of "wrongdoing" as it was a violation of moral standards in a nursing practice setting.

67. Plaintiff made a good faith report of the "wrongdoing" to Defendant.

68. Plaintiff's good faith report to Defendant was a protected activity.

69. Thereafter, Defendant took adverse employment actions against Plaintiff.

70. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Chrissy Friday, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment

practices which discriminate in violation of ADEA, PHRA, and PWL.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **<u>JURY TRIAL DEMAND</u>**

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: September 11, 2023          **By:** *_/s/ David M. Koller_*
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
F: 215-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*